**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD D. BARNES,<br><br>                     Plaintiffs,<br><br>v.<br><br>ADP/ST. MARINE INSURANCE AGENCIES, INC.,<br><br>                     Defendants. | Civil Action No.: 10-1034 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion for summary judgment by Defendant ADP Statewide Insurance Agencies Inc. ("ADP") pursuant to Federal Rule of Civil Procedure 56.[1] The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion for summary judgment is GRANTED.

**I. BACKGROUND**

Pro se Plaintiff Edwards Barnes ("Plaintiff") brings this suit against his former employer, Defendant ADP, pursuant to Title VII of the Civil Rights Act of 1964, as amended, for

---

[1] In its motion for summary judgment, Defendant points out that it was incorrectly identified in the Complaint as ADP/St. Marine Insurance Agencies, Inc. (Def. Br., 1).

1

employment discrimination. (Compl. ¶ 1). The Court notes at the outset that Plaintiff's Complaint appears to be a form complaint, which does not provide much by way of factual background specific to the case at bar. In addition, the majority of Plaintiff's subsequent submissions to the Court are of less than exemplar clarity.

In Mr. Barnes' opposition to the present motion he makes reference to a narrative statement previously sent to Magistrate Judge Cecchi on July 25, 2011. However, this case has since been reassigned to Judge Hammer and it was not readily apparent to this Court to which document Plaintiff was referring. Plaintiff's opposition to the instant motion consisted of less than two pages which did not contain legal arguments in opposition to the matter presently under consideration. Thus, in an abundance of caution, this Court obtained Judge Cecchi's file and the relevant documents referenced by Plaintiff. However, they did not shed any light on the particulars of Plaintiff's position or specific facts alleged. For example, certain submissions solely consist of a list of documents such as holiday cards without any explanation of their relevance or how they advance Plaintiff's case. (CM/ECF No. 33). By way of further illustration, one of the documents contained in the list submitted by Plaintiff (CM/ECF No. 33) is a letter from opposing counsel, Mr. Kaplan, to the EEOC, on which Mr. Barnes made a series of hand written notations. In some instances Plaintiff uses check marks in the margin or underlines certain words with no other notation, while in others he merely writes the word "false" with no explanation or designation as to what he is attempting to refute. Particularly in the later portions of the letter, he writes difficult to comprehend shorthand statements.

Therefore, having been unable to ascertain Plaintiff's particular factual allegations or arguments in opposition to the present motion and as Plaintiff is proceeding pro se, the Court

granted Plaintiff leave to file an additional statement by February 6, 2012. (CM/ECF No. 35). Specifically, the Court directed Plaintiff to submit in writing particular factual allegations and any legal arguments in opposition to the instant motion that he wished to advance. (Id.).

Separate and apart from the Court's Order (CM/ECF No. 35), on January 10, 2012, Magistrate Judge Hammer granted the parties an extension of time to submit a narrative written statement of facts as per the Scheduling Order. (CM/ECF Nos. 18, 34). On January 31, 2012, Plaintiff submitted a written statement with additional facts addressed to Judge Hammer (CM/ECF No. 36), but did not file any additional documents with this Chambers. As Mr. Barnes is proceeding pro se, the construes thus construes his submissions liberally. See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011). Thus, the Court will consider the narrative statement submitted to Judge Hammer herein. (CM/ECF No. 36).

### A. Facts

In his Complaint, Plaintiff claims that discriminatory acts occurred on November 1, 2005 and that the practice is continuing. (Compl. ¶¶ 5-5a). The only applicable facts that Plaintiff pleads in this regard are that he was "laid off on February 1, 2009 after 18 years of employment, with no severance" and that Defendant's conduct is discriminatory with respect to his age of seventy-four." (Compl. ¶¶ 9-10).

Plaintiff states that it is unknown when he filed charges with the N.J. Division of Civil Rights regarding defendant's alleged discriminatory conduct. (Compl. ¶ 6-7). By way of letter

3

dated January 11, 2010, the Equal Opportunity Commission (EEOC), Newark Area Office informed Mr. Barnes that it issued a Notice of Dismissal and Right to Sue. (Compl. ¶ 8, Ex. 3).

From Defendant's statement of material facts (Def's Mot. for Summ. J., Ex. 2) and Plaintiff's supplemental submission, the Court finds that the facts are as follows. Plaintiff was previously employed by Statewide Insurance Agencies (hereafter "Statewide"), which subsequently merged with ADP. (CM/ECF. No. 36). In or around 1988, the two insurance companies negotiated a tentative purchase agreement. (Id.). Plaintiff lists the following aspects of the tentative purchase agreement, which he identifies as noteworthy: (1) Jim Niketakis, the former owner of Statewide, and Ralph Gamba, a man that Plaintiff describes as "the agency's 'outside' man," were considered retired; (2) Plaintiff would be responsible for "internal operations, including staff," and conducting interviews; (3) Plaintiff would be Office Manager; (4) "all new business" would "pass thru" Plaintiff; and (5) "providing they respect the Wishes [sic] of Ed (Barnes) [sic] to 'run his own ship' Ed (Barnes) [sic] is not a clone." (Id.)

The purchase became effective on January 1, 1989, resulting in the ADP/Statewide Insurance Agencies, Inc. owned by Donna Cunningham and Paul Monacelli. (Id. at 1-2). Plaintiff was Plaintiff was fifty-five years old when hired by ADP in 1989. (Def's Mot, Ex. 2 ¶ 5). From 1995 to 2009, Plaintiff served as account manager for assigned risk insurance business and was the sole employee assigned to that area of ADP's business. (Id. ¶¶ 6, 9). Defendants state that they received complaints regarding Plaintiff. (Id. ¶10; Monacelli Aff. ¶¶ 10, 15, Ex. B). Defendants further allege that due to legislative reforms enacted by the State of New Jersey in 2003, "the market for residual insurance was significantly reduced, and ADP was writing fewer assigned risk policies." Id. ¶ 14). From 2000 through 2005, Plaintiff allegedly generated less

revenue for the company than the amount of his salary and did not have enough work to fill the day. (Id. ¶¶ 15-16). However, Mr. Barnes submits that the former owner of Statewide became ill and died in 2005. (CM/ECF No. 36). In the same year, Plaintiff's work hours were decreased and he was no longer able to work as a full-time employee. (Id.). On the contrary, Defendant states that it was no longer economically feasible to retain Plaintiff as a full-time account manager for the assigned risk business and so his position within the company was reduced to part-time. (Def's Mot, Ex. 2 ¶ 17).

In January 2009, ADP allegedly informed employees that the company had "suffered a substantial decrease in revenue due to the economic crisis." (Id. ¶ 19). Thus, as alleged by Defendant, "[d]ue to the Company's financial circumstances, coupled with the diminishment of the assigned risk business following the legislative reform of 2003, ADP made the determination to eliminate the position of account manager for the assigned risk insurance business," but offered Plaintiff a position as a commissioned producer. (Id. ¶¶ 20-22). Defendant alleges that Plaintiff stated that he would consider the offer but never responded and did not report to work thereafter. (Id. ¶¶ 25-26). Defendant also submits that the company provided Plaintiff two weeks severance pay, despite the absence of a written employment contract or other agreement obligating the company to do so. (Id. ¶ 28; Monacelli Aff. ¶ 31). In addition, Plaintiff allegedly met with two other ADP employees thereafter and acknowledged that the company's decision to eliminate him was due to economic reasons. (Id. ¶ 24).

Plaintiff filed suit on February 11, 2010. (CM/ECF No. 1). Defendant filed the instant motion for summary judgment on November 10, 2011 (CM/ECF No. 23), without having previously filed a motion to dismiss.

5

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c), a court grants summary judgment to a moving party "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party must first demonstrate that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court must construe facts and inferences in the light most favorable to the non-movant in order to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could find for the non-moving party. Id. at 248. "The issue of material fact required by Rule 56©) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Id. at 248-49 (citation omitted). "Thus, if a reasonable fact finder could find in the nonmovant's favor, then summary judgment may not be granted." Norfolk Southern Ry. Co. v. Basell USA Inc., 512 F.3d 86, 91 (3d Cir. 2008).

## III. DISCUSSION

Plaintiff asserts claims against Defendant for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003 et seq. Title VII prohibits an employer from discharging any individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2003). Plaintiff's claims do not relate to discrimination on that basis. However,

where Plaintiff is a pro se litigant, a court should construe pleadings and submissions liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011). Thus, the Court will "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't. of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). Here, Plaintiff states that he was discriminated on the basis of age. Thus, the Court will treat the claim as one brought in violation of the Age Discrimination in Employment Act of 1967, §2 et seq., 29 U.S.C. § 621 et seq. (hereafter "ADEA").

The burden-shifting framework established by the Supreme Court in McDonnell Douglas v. Green, 411 U.S. 792, 801-802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies to ADEA claims. Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009). Thus, the plaintiff has the initial burden of establishing a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 801-802. The requisite elements of an age discrimination case are as follows: (1) plaintiff is at least forty years old; (2) plaintiff suffered an adverse employment action; (3) plaintiff was qualified for the position; and (4) "plaintiff was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." Smith, 589 F.3d at 689 (citing Potence v. Hazleton Area School Dist., 357 F.3d 366, 370 (3d Cir. 2004); Swain v. City of Vineland, No 11-2100, 2012 WL 75959, at *3 (3d Cir. 2012).

The burden then shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action. Smith, 589 F.3d at 690. If defendant does so, the burden then shifts back to the plaintiff to prove that the legitimate reasons offered by the

defendant were not its true reasons, but were a pretext for discrimination. Id. However, at all times the burden of proof rests with plaintiff. Id.

Here, the first element is satisfied because there is no dispute that Plaintiff is at least forty years old. The third element is also met as the parties do not genuinely dispute that Mr. Barnes was qualified for the position of account manager for the assigned risk insurance business. Nor is there a genuine dispute as to the fourth prong, that Plaintiff cannot establish that he was "ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." See Smith, 589 F.3d at 689.

There is a genuine dispute, however, as to whether plaintiff suffered an adverse employment action. As discussed above, Plaintiff maintains that he was "laid off." However, Defendant submits that while Plaintiff's previous position was terminated, he was offered a commissioned producer position. (Def's Mot, Ex. 2 ¶¶ 20-22). As Mr. Barnes is unable to establish a prima facie case regardless, it is immaterial whether he suffered an adverse employment action. Accordingly, his claim must fail.

## IV. CONCLUSION

For the above stated reasons, Plaintiff is unable to establish a prima facie case of age discrimination. Therefore, the Court GRANTS summary judgment in favor of Defendant.

An appropriate Order accompanies this Opinion.

DATE: March __1__, 2012

JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE